DENNIS K. BURKE
United States Attorney
District of Arizona
Gerald S. Frank
Assistant U.S. Attorney
Arizona State Bar No. 003545
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Civil Fax:   (520) 620-7138
gerry.frank@usdoj.gov
Attorneys for Defendant United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Larry Prescott, a single man,<br><br>    Plaintiff,<br>v.<br>United States of America,<br><br>    Defendant. | CV-08-61-TUC-RCC<br><br>**DEFENDANT UNITED STATES' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT** |

Defendant United States of America hereby moves this Court for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure as to the claims alleged under the Federal Tort Claims Act in his First Amended Complaint. Plaintiff further requests pursuant to Fed. R. Civ. P. 12(b)(1), (6) that the constitutional violations alleged against defendant Doe 1 be dismissed for failure state a claim and for lack of subject matter jurisdiction based on Plaintiff's failure to identify, name, or serve such defendant. This motion is supported by the accompanying memorandum of points and authorities and all matters of record.

Case 4:08-cv-00061-RCC   Document 40   Filed 04/28/11   Page 2 of 6

**MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

I. STATEMENT OF FACTS

Plaintiff Larry Prescott seeks money damages under the Federal Tort Claims Act (FTCA) for injuries he alleges from the failure of the medical personnel at the Federal Correctional Institution at Tucson, Arizona (FCI-Tucson) to properly control his hypertension medication. He alleges that he suffered a stroke during his incarceration. (First Amended Complaint ("Complaint"), paragraphs 5, 7-8, 18-21.)

The file in this matter does not reflect that Plaintiff has disclosed a medical expert who will testify at trial in this matter as to the medical standard of care, how Defendant's medical personnel may have fallen below any standard, and whether Plaintiff's alleged injuries were proximately cause by a failure to meet a medical standard of care. Nor does the record reflect that Plaintiff has identified, named, or served any Doe 1 individual against whom he alleges constitutional violations arising out of his medical care.

II. ARGUMENT

A. *Standard for Summary Judgment*.

A party is entitled to summary judgment when the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file demonstrate that there is no disputed issue of material fact. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). Once the moving party carries its initial burden, the non-moving party may not simply rest on its pleadings, but must provide evidence that "[sets] forth specific facts showing that there is a genuine issue for trial." Id. at 1076 (quoting Fed. R. Civ. P. 56(c)). All evidentiary inferences, however, should be drawn in the light most favorable to the non-moving party. *King County v. Rasmussen*, 299 F.3d 1077, 1083 (9th Cir.

2002). When a plaintiff presents no evidence to support an essential element of his or her case, there is no genuine issue as to any material fact and summary judgment is appropriate. *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 903 (9th Cir. 2003); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-53 (1986) (citations omitted).

### B. *Arizona Law - Medical Malpractice*

The liability of the government is dependent upon whether a private individual under like circumstances would be liable under "the law of the place where the act or omission occurred". 28 U.S.C. §§ 1346(b) and 2672; *See also United States v. Muniz*, 374 U.S. 150, 153, (1963); *Richards v. United States*, 369 U.S. 1 (1962); Louie v. United States, 776 F.2d 819, 824 (9th Cir. 1985). Since Plaintiff's surgery occurred in Arizona, Arizona substantive tort law applies.

Under Arizona law, medical malpractice is a statutory cause of action, Ariz. Rev. Stat. § 12-56l.2 (1992), for which the necessary elements of proof are set forth in Ariz. Rev. Stat. § 12-563 (1992):

> A. The following shall be necessary elements of proof that injury resulted from the failure of a health care provider to follow the accepted standard of care:
> 1. The health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances; and
> 2. Such failure was a proximate cause of the injury.

See also *Bell v. Maricopa Medical Center*, 157 Ariz. 192, 755 P.2d 1180, 1182-83 (App. 1988).

A plaintiff must satisfy this burden of proof by presenting evidence of the standard of care that is accepted as applicable in the circumstances and by establishing that the

health care provider deviated from that standard. *Id.*, 755 P.2d at 1182. Unless the negligence is so grossly apparent that a layman would have no difficulty recognizing it, the deviation of a physician or surgeon from the accepted standard of care must be established by expert medical testimony. *Peacock v. Samaritan Health Service*, 159 Ariz. 123, 125, 765 P. 2d 525, 528 (App. 1988); *Faris v. Doctors Hospital, Inc.*, 18 Ariz. App. 264, 501 P.2d 440, 445 (1972), relying on *Boyce v. Brown*, 51 Ariz. 416, 77 P.2d 455, 457 (1938). Negligence of a physician or surgeon cannot ordinarily be presumed in hindsight to be so gross that a layman can recognize it solely because an injury did occur. *Riedisser v. Nelson*, 111 Ariz. 542, 534 P.2d 1052, 1054 (1975).

Also under Arizona law, the testimony of another physician that he would have followed a different course of treatment than that followed by the physician alleged to have committed malpractice is not sufficient to establish malpractice unless it also appears that the treatment at issue deviated from the accepted standard of care. *Faris v. Doctors Hospital, Inc.*, 501 P.3d at 445. Plaintiff's Complaint and subsequent disclosure presents no evidence by expert medical testimony that any medical standard of care was violated in the course of his treatment, or that Plaintiff's alleged injuries were proximately caused by falling below any such standard.

Plaintiff arrived in custody with a pre-existing condition, that is, chronic hypertension, for which Bureau of Prisons medical personnel prescribed medication. (Complaint, para. 7.) Without expert medical testimony, Plaintiff cannot establish that a subsequent lack of medication or treatment was actually the cause of his stroke or any other injury. Failure to provide expert medical testimony to establish this essential element is fatal to his claim.

C. *Failure to State a Claim – Doe 1Defendant*

Plaintiff has failed to state a claim against the unnamed Doe 1 defendants against whom he has alleged constitutional violations. This Court allowed Defendant time to

amend this deficiency in its order of February 9, 2009. Defendant did not do so. As pointed out in Defendant's earlier motion to dismiss, federal actors are not liable under 42 U. S. C. § 1983. Any cause of action under 42 U.S.C. § 1983 exists only for the deprivation of rights secured by the Constitution or the laws of the United States by *individuals* acting under color of *state* law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 149 (1970); *Russell v U. S. Department of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) (§ 1983 provides no right of action against federal officials). Furthermore, the United States has not waived liability under § 1346(b) of the Federal Tort Claims Act for constitutional tort claims. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001).

### III. CONCLUSION

Accordingly, based on the facts, authorities, and arguments set forth, Defendant respectfully submits that judgment on Plaintiff's FTCA claim should be entered for Defendant. The remainder of Plaintiff's complaint should be dismissed for failure to identify, name, or serve an individual defendant against whom constitutional tort allegations were made as permitted in the Court's order of February 9, 2009.

Respectfully submitted this 28th day of April, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/Gerald S. Frank*
Gerald S. Frank
Assistant U.S. Attorney

5

Copy of the foregoing has been served electronically or by other means this 28th day of April, 2011, to:

James R. Studwell
Healy & Studwell Law Firm, PC
PO Box 32875
Tucson, AZ  85751
520-790-1400
E-mail: james.studwell@azbar.org
Attorney for the Plaintiff

*s/ Lisa Startup*