DENNIS K. BURKE
United States Attorney
District of Arizona
Gerald S. Frank
Assistant U.S. Attorney
Arizona State Bar No. 003545
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Civil Fax:    (520) 620-7138
gerry.frank@usdoj.gov
Attorneys for Defendant United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Prescott, a single man,<br><br>           Plaintiff,<br>     v.<br><br>United States of America,<br><br>           Defendant. | CV-08-61-TUC-RCC<br><br>**DEFENDANT UNITED STATES'<br>REPLY TO PLAINTIFF'S<br>RESPONSE TO DEFENDANT'S<br>MOTION TO DISMISS AND FOR<br>SUMMARY JUDGMENT** |

Defendant United States of America hereby replies to Plaintiff's response in opposition to the United States of America's motion for summary judgment and to dismiss the constitutional violations alleged against defendant Doe 1.  This reply is supported by the accompanying memorandum of points and authorities and all matters of record.

### A.  MOTION FOR SUMMARY JUDGMENT

The key argument in Defendant's summary judgment motion was that Defendant failed to disclose a medical expert that would testify at trial in this matter as required by Arizona law.  Plaintiff responds to Defendant's summary judgment motion by claiming that he filed an expert witness report.  A review of the materials disclosed by Plaintiff reveals that Plaintiff did disclose the name of a medical expert, Dr. Patricia A.

Stapler. However, the expert medical witness disclosure was filed in a document captioned "Plaintiff's First Supplemental Disclosure Statement. The first line of that document stated that the following information was filed pursuant to Fed. R. Civ. P. 26(a)(1), which pertains to initial disclosures. Neither the caption nor the first page made any mention of expert witness disclosures. In the second paragraph of the second page, Plaintiff cited Fed. R. Civ. P. 26(a)(2), the expert witness disclosure rule, and disclosed "the following expert information," a list of 13 health care professionals, including Dr. Stapler. The entry for Dr. Stapler indicated that a report and c.v. were attached. There were no reports or c.v.'s for any of the other experts.

Dr. Stapler's report (Exhibit 9 to Affidavit of James Studwell, Plaintiff's Response to Defendant United States of America's Motion for Summary Judgment; ECF document 42-5, pp. 2-10) was simply captioned "Witness Statement" and was not recognized as an expert witness report due to that caption and the routine initial disclosure rule cited on the first page of the disclosure notice. The report itself does not comport with Rule 26(a)(2)(B) inasmuch as it does not set forth the cases in which Dr. Stapler testified in the last 4 years as an expert witness, although it is possible that she has not testified before as an expert. Nor does the report set forth the compensation she is to be paid for her analysis and testimony.

Most importantly, the report does not state what the applicable standard of medical care at issue was and how the Defendant fell below that standard. Dr. Stapler notes in various instances how certain things were not recorded in the BOP medical records and that certain tests were not performed. However, as pointed out in Defendant's motion, the fact that other medical providers would have done something differently does not constitute medical malpractice unless it falls below the standard of care. *Faris v. Doctors Hospital, Inc.*, 18 Ariz. App. 264, 501 P.2d 440, 445 (1972).

It is apparent that Dr. Stapler's testimony is essentially that Plaintiff Prescott's blood pressure medication was not properly managed inasmuch as Plaintiff went for a long period of time without medication. This, she says, increased Plaintiff's risk for stroke. (P. 6.) She does not say that it in fact caused his stroke or that any particular BOP medical staff fell below some standard of care in that connection. The essential question is who was responsible for that lack of blood pressure medication. It is uncontested that Plaintiff was given a prescription for his hypertension when he first arrived at the institution. Dr. Stapler stated in her chronology (p. 3, 1/12/05) that this prescription had zero refills. That is not accurate. The handwritten "2R" entry indicated that 2 30-day refills were authorized, for a total of 90 days. *See* attached Exhibit A, declaration of Christopher Lamb, Associate Warden at Federal Correctional Complex-Tucson, who was the Health Services Administrator at FCI-Tucson when Plaintiff was an inmate there. Mr. Lamb's affidavit also explains the procedure for refilling a prescription, which does not even require filling out an Inmate Request for Triage Services (IRTS) form. The inmate simply drops off his prescription bottle at the medical desk and picks it up in the evening or following morning.

Thus the responsibility for obtaining required medication was much like anyone outside prison (arguably, much easier): ask for an appointment to see medical staff (the IRTS form) to obtain or renew a prescription, or get an authorized refill simply by leave the empty bottle at the medical desk. The responsibility was Plaintiff's. Even Dr. Stapler's report stated at p. 6 of her statement under Opinions and Conclusions that: "There are no refusals of medical care."

The medical records submitted by Plaintiff in his response support Defendant's position that there was no malpractice by BOP medical personnel. The causative factors resulting in Plaintiff's December 2005 stroke had their origins in Plaintiff's long history of uncontrolled hypertension. The Feb. 2, 2006, report of Dr. Bruce Coull, a

University Medical Center neurologist, under the heading "DATA" (P. 3 of Plaintiff's Exh. 7 to affidavit of James Studwell; p. 10 of ECF document 42-3) states that an MRI from December 2005 shows a lacune (stroke) in the left centrum semiovale which was acute (i.e., the December 2005 stroke).  It goes on to say that "there is an old lacune on the right pons, there is moderate deep white matter ischemic change throughout." This is explained on the next page under "IMPRESSION/PLAN:" The patient has had now 2 lacunar strokes and the acute left centrum semiovale stroke has left him with a residual of poor coordination of the right hand and mild dysarthria.  His primary risk factor is his race *and his history of poorly controlled blood pressure as manifested by the moderate amount of deep white matter change already on his MRI."* (Emphasis supplied.)

This also comports with Plaintiff's deposition testimony in which he conceded that even after his stroke and hospitalization when he was receiving blood pressure medication at FCI-Tucson, his blood pressure still remained high. (Attached Exhibit B, excerpt from deposition of Larry Prescott, March 22, 2011, pp. 1-4, p. 35, line 13 - p.36, line 4.)   It is also consistent with Plaintiff's testimony that he is getting compensation from the Veterans Administration for his stroke symptoms, which condition was determined to be service-connected and which obviously pre-dated his incarceration at FCI-Tucson. (Attached Exhibit B, excerpt from deposition of Larry Prescott, March 22, 2011, pp. 41-43, and Exhibit 8 to deposition.)

In summary, even if Dr. Stapler's "Witness Statement" is construed to be an expert witness report pursuant to Fed. R. Civ.P. 26(b)(2), it does not identify a standard of care that BOP medical staff deviated from.  The responsibility for obtaining medication rested with Plaintiff.  Furthermore, Plaintiff's medical records and his own deposition testimony negate any causal link between his lack of medication and his stroke

symptoms for which he is being compensated due to its connection with his military service.

## B.  MOTION TO DISMISS – FAILURE TO STATE A CLAIM

Defendant seeks dismissal of "Doe 1 defendants" for two reasons: there is no cause of action under 42 U. S. C. § 1983 for federal actors; § 1983 only applies to state officers.  Second, Plaintiff never amended his complaint to name any individual defendants.  Plaintiff's response is that he did not have sufficient records.  It seems apparent that at some point Plaintiff obtained the BOP medical records.  Dr. Stapler's July 2010 report indicates that she reviewed Plaintiff's BOP medical records for the period from January 2005 to August 2006.  Her report does not identify any BOP personnel who fell below some identified standard of care.  Plaintiff's inability to identify any BOP staff to name individually dovetails with Defendant's argument above that summary judgment should be granted for Defendant.

## CONCLUSION

Defendant requests that if the Court is disposed to allow the report of Dr. Stapler to constitute compliance with the requirements of the Court's scheduling order of May 6, 2010, and Fed. R. Civ. P. 26(b)(2), Defendant be permitted time to depose Doctor Stapler and to find an expert medical witness of its own to testify as to the appropriateness of the medical treatment provided Plaintiff.

In the alternative, Defendant requests that judgment on Plaintiff's FTCA claim should be entered for Defendant.  The remainder of Plaintiff's complaint should be dismissed for failure to identify, name, or serve an individual defendant against whom constitutional tort allegations were made as permitted in the Court's order of February 9, 2009.

1
2    Respectfully submitted this 17th day of June, 2011.
3                                          DENNIS K. BURKE
                                           United States Attorney
4                                          District of Arizona
5
6                                          *s/Gerald S. Frank*
                                           Gerald S. Frank
7                                          Assistant U.S. Attorney
8
9
10   Copy of the foregoing has been served electronically
     or by other means this 17th day of June, 2011, to:
11
     James R. Studwell
12   Healy & Studwell Law Firm, PC
     PO Box 32875
13   Tucson, AZ  85751
     520-790-1400
14   E-mail: james.studwell@azbar.org
     Attorney for the Plaintiff
15   *s/ Lisa Startup*
16
17
18
19
20
21
22
23
24
25
26
27